**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
POMPANO BEACH POLICE &
FIREFIGHTERS' RETIREMENT SYSTEM
*individually and on behalf of all others*
*similarly situated*,

                          Plaintiff,

           - against -

Comtech TELECOMMUNICATIONS
CORP., FRED KORNBERG and
MICHAEL D. PORCELAIN,

                        Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 09-3007 (SJF) (AKT)

**A. KATHLEEN TOMLINSON, Magistrate Judge:**

**I.    PRELIMINARY STATEMENT**

Plaintiff Pompano Beach Police & Firefighters' Retirement System ("Pompano" or "Plaintiff"), proceeding individually and on behalf of all others similarly situated, moves for (1) consolidation of two related securities fraud actions; (2) appointment of Pompano as Lead Plaintiff; and (3) approval of Pompano's selection of Lead Counsel (the "Motion to Consolidate"). Judge Feuerstein has referred Plaintiff's Motion to me for a Report and Recommendation. For the reasons set forth below, I respectfully recommend to Judge Feuerstein that Plaintiff's Motion to Consolidate be GRANTED in its entirety.

**II.    BACKGROUND**

Presently before the Court are two related securities fraud class actions brought against Comtech Telecommunications ("Comtech"), Fred Kornberg and Michael D. Porcelain (collectively, "Defendants"). Plaintiff Pompano filed the Complaint in the instant action on July

14, 2009 (No. 09-CV-3182 (SJF)) (the "Pompano Action"). On July 23, 2009, plaintiff James Lawing filed the second action (No. 09-CV-3182 (JFB)) (the "Lawing Action"), which is currently pending before Judge Bianco. Plaintiffs in both cases (together, the "Comtech Actions") allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §§ 78(j)(b), 78(t) ("PSLRA"), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Respective Plaintiffs Pompano and Lawing now seek certification of a class of investors who purchased the common stock of Comtech between September 17, 2008 and March 9, 2009, inclusive (the "Class Period"), and who purportedly incurred damages in connection with such purchases.

The law firm of Robbins Geller Rudman & Dowd LLP[1] ("Robbins Geller") represents Plaintiff Pompano. Plaintiff Lawing is likewise represented by Robbins Geller. In accordance with the PSLRA, on July 14, 2009, Plaintiff Pompano published notice of the first action on *Business Wire*, advising members of the proposed class of the commencement of the action, the claims asserted in the Complaint, the purported class period, and their right to move the Court to serve as lead plaintiff for the purported class within 60 days. *See* 15 U.S.C. § 78u-4(a)(3)(A); Decl. of David A. Rosenfeld in Supp. of Mot. for Consolidation ("Rosenfeld Decl.") [DE 9], ¶ 3 & Ex. A; Pl.'s Mem. of Law in Supp. of Mot. for Consolidation ("Pl.'s Mem.") [DE 8] at 5. Pompano's Motion to Consolidate was filed in accordance with the applicable provisions of the

---

[1] This is the law firm previously known as Coughlin, Stoia, Geller, Rudman & Robbins LLP.

PSLRA and no other party has opposed the Motion. *See* Pl.'s Notice of Non-Opposition to Mot. for Consolidation [DE 10] at 2.

### III. DISCUSSION

#### A. Consolidation Of The Action

Under Rule 42(a), "[i]f actions before the court involve a common question of law or fact, the court may:

> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay."

Fed. R. Civ. P. 42(a). "The decision to consolidate for trial lies within the discretion" of the court. *In re Olsten Corp. Secs. Litig.*, 3 F. Supp. 2d 286, 292 (E.D.N.Y. 1998). When exercising that discretion, "courts have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1285 (2d Cir. 1990). However, "[c]onsiderations of convenience and economy must yield to a paramount concern for a fair and impartial trial." *Id.* "So long as any confusion or prejudice does not outweigh efficiency concerns, consolidation will generally be appropriate." *Toussie v. County of Suffolk*, CV 01-6716, 2007 WL 1490463, at *1 (E.D.N.Y. May 21, 2007) (quoting *Walker v. Deutsche Bank, AG*, 2005 U.S. Dist. LEXIS 19776, at *6 (S.D.N.Y. Sept. 6, 2005)). In securities class actions cases such as the present case, consolidation is "particularly appropriate where the actions 'are based on the same public statements and reports,'" so long as there "are 'common questions of law and fact'" and the defendants will not be prejudiced. *Martingano v. Amer. Int'l Group, Inc.*,

06 CV 1625, 2006 WL 1912724, at *1 (E.D.N.Y. Jul. 11, 2006) (quoting *Ferrari v. Impath, Inc.*, 03 Civ. 5667, 2004 WL 1637053, at *2 (S.D.N.Y. Jun. 20, 2004) (citations omitted)).

The Comtech Actions arise from the same public statements and reports, namely Comtech's (1) September 17, 2008 press release announcing financial results for the fourth quarter and year end of fiscal 2008; (2) September 18, 2008 conference call with analysts and investors to discuss the press release and the company's earnings;[2] (3) December 4, 2008 press release announcing financial results for the first quarter of fiscal 2009; (4) December 5, 2008 conference call with analysts and investors to discuss the press release and the company's earnings; (5) March 9, 2009 press release announcing financial results for the second quarter of fiscal 2009; and (6) March 10, 2009 conference call with analysts and investors to discuss the press release and the company's earnings. Pompano Compl., ¶¶ 21-31; Lawing Compl., ¶¶ 21-31. Both complaints assert that Comtech's September 2008 and December 2008 statements "were materially false and misleading when made because they misrepresented and failed to disclose the following adverse facts which were known to defendants or recklessly disregarded by them:

> (a) that the Company was experiencing negative trends in its commercial satellite earth station and encoder bookings, as well as commercial RF Amplifier bookings;
>
> (b) that the Company's sales from its Mobile Data Communications division were weakening outside of its one order with the U.S. Army's Movement Tracking System ("MTS");

---

[2]   Both Pompano and Lawing allege that following the issuance of the September 17, 2008 press release and the September 18, 2008 conference call, "the price of Comtech rose $5.79 per share, or 14%, to close at $46.06 per share, on heavy trading volume." Pompano Compl., ¶ 24; Lawing Compl., ¶ 24.

4

> (c) that the Company was experiencing difficulty integrating the Radyne acquisition and was not generating the synergies expected from the acquisition;
>
> (d) that the Company's costs were rising in excess of internal forecasts reducing profit margins; and
>
> (e) as a result of the foregoing, defendants lacked a reasonable basis for their positive statements about the Company, its prospects, and its revenue and earnings projections."

Pompano Compl., ¶ 28; Lawing Compl., ¶ 28. Moreover, according to Plaintiffs in both actions, Comtech's statements were materially false and misleading, and through such statements and failures to disclose, "[D]efendants materially mislead the investing public, thereby inflating the price of Comtech common stock[,]" and such material misrepresentations and omissions "directly or proximately caused or were a substantial contributing cause of the damages sustained by plaintiff and other members of the Class." Pompano Compl., ¶¶ 33-35; Lawing Compl., ¶¶ 33-35. Both Plaintiffs further allege that in response to Comtech's March 2009 press release and conference call in which the company reduced its revenue and earning guidance for 2009, "the price of Comtech stock fell $12.97 per share, or approximately 37%, to close at $22.48 per share, on extremely heavy trading volume." Pompano Compl., ¶ 32; Lawing Compl., ¶ 32.

The questions of law and fact are the same in both complaints: (1) whether the federal securities laws were violated by Defendants' acts; (2) whether statements made by Defendants to the investing public during the Class Period represented material facts about the business and operations of Comtech; (3) whether the price of Comtech common stock was artificially inflated during the Class Period; and (4) to what extent the members of the Class have sustained damages and if so, what the proper measure of such damages should be. Pompano Compl., ¶ 18; Lawing

5

Compl., ¶ 18. Furthermore, the Complaints contain identical allegations of scienter, namely that individual Defendants Kornberg and Porcelain, "by virtue of their receipt of information reflecting the true facts regarding Comtech, their control over, and/or receipt and/or modification of Comtech's allegedly materially misleading misstatements and/or their associations with the Company which made them privy to confidential proprietary information concerning Comtech, participated in the fraudulent scheme" to inflate the price of Comtech's stock. Pompano Compl., ¶ 36; Lawing Compl., ¶ 36. The Pompano Complaint and the Lawing Complaint "are nearly identical images of the other[,]" as a review of their structured paragraphing clearly demonstrates. *See Martingano*, 2006 WL 1912724 at *1 (quoting *Goplen v. 51 JOB, Inc.*, No. 05 Civ. 769, 2005 WL 1773702, at * 1 (S.D.N.Y. July 26, 2005) (granting motion for consolidation and noting that "[t]he complaints are substantively identical, almost as if the several law firms involved shared the same word processor")). In comparing *Goplen*, it is significant to note that here the *same* law firm prepared the pleadings in both actions. The Court therefore finds that the Comtech Actions contain common issues of law and fact. Moreover, no party has filed opposition to Pompano's Motion for Consolidation, and there is no claim that consolidation will result in prejudice to any party. *See In re Olsten Corp. Secs. Litig.*, 3 F. Supp. at 294. Accordingly, I respectfully recommend to Judge Feuerstein that the Comtech Actions be consolidated for all purposes.

    **B.**     **Appointment Of Lead Plaintiff**

        *1.*     *Procedure under the PSLRA*

The PSLRA governs the procedure for appointing a lead plaintiff in securities class actions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Martingano*, 2006 WL 1912724 at *2; *Ferrari*,

2004 WL 1637053, at *3; *Weiss v. Friedman, Billings, Ramsey Group, Inc.*, No. 05-CV-04617, 2006 WL 197036, at *2 (S.D.N.Y. Jan. 25, 2006). Within twenty days of filing the first complaint, plaintiffs must publish a notice "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class (1) of the pendency of the action, the claims, and the purported class period, and (2) that any purported class member may move the Court, within sixty days of publication of the notice, for appointment as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i); *Baughman v. Pall Corp.*, 250 F.R.D. 121, 125 (E.D.N.Y. 2008); *Martingano*, 2006 WL 1912724 at *2. Once these procedures are satisfied, the Court "shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members. . . ." 15 U.S.C. § 78u-4(a)(3)(B)(i).

In determining the appropriate lead plaintiff, the Court adopts a rebuttable presumption that the most adequate plaintiff in any private action . . . is the person or group of persons that --"

    (aa)    has either filed the complaint or made a motion in response to a notice . . . ;

    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). This presumption "may be rebutted only upon proof offered by another member of the purported class that the presumptively most adequate plaintiff

-- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb).

   2.   *Application to the Present Case*

      **a.   The Notification Requirement**

Plaintiff Pompano initiated the first-filed of these related actions on July 14, 2009 and, on the same date, published notice of the action on *Business Wire* advising members of the proposed Class, *inter alia*, that they had sixty days from the date of publication to move for appointment as lead plaintiff. *See* Rosenfeld Decl., ¶ 3 & Ex. A. By publishing such notice, Pompano satisfied the requirements of 15 U.S.C. § 78u-4(a)(3)(A)(i). The sixty-day period expired on September 14, 2009. Pompano timely filed a motion to serve as lead plaintiff in this case, and such motion included a Certification by the Pompano Chairperson stating that Plaintiff (1) "reviewed the complaint and authorized its filing;" (2) "did not acquire the security that is the subject of this action at the direction of plaintiff's counsel in order to participate in this private action . . . ;" and (3) is "willing to serve as representative party on behalf of the class. . . ." Rosenfeld Decl., ¶ 5 & Ex. C. Annexed to the Certification is a document designated "Schedule A," which provides the dates on which Plaintiff acquired Comtech securities, the number of shares acquired, and the price paid per share. Schedule A also sets forth the date on which Pompano sold the securities, the number of shares sold, and the price per share received. *Id.*, Ex. C. Consequently, Plaintiff's Certification has fulfilled the PSLRA's requirements. *See* 15 U.S.C. § 78u-4(a)(2)(A)(i)-(iv). Moreover, Pompano's status as an institutional investor further supports its designation as lead plaintiff. *See In re eSpeed, Inc. Secs. Litig.*, 232 F.R.D. 95, 99-100 (S.D.N.Y. 2005) (citing *In re*

*Goodyear*, 5:03 CV 2166, 2004 WL 3314943, at *3 (N.D. Ohio May 12, 29004) ("The legislative history of the PSLRA reflects a preference for institutional investors in the lead plaintiff role."); *Malasky v. IAC/Interactivecorp*, No. 04 Civ. 7447, 2004 WL 2980085, at *4 (S.D.N.Y. Dec. 21, 2004) (discussing the PSLRA's preference for institutional investors)). Accordingly, Plaintiff Pompano has satisfied the first prong of the PSLRA's test for appointment of lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Martingano*, 2006 WL 1912724 at *3.

### b. Largest Financial Interest Requirement

Pompano alleges that it purchased 4,900 shares of Comtech between January 13 and January 29, 2009 and that it incurred an estimated loss of $78,366.67 in connection with such purchases. *See* Rosenfeld Decl., ¶ 4 & Ex. C; Pl.'s Mem. at 7. In light of the fact that Pompano's motion to serve as lead plaintiff is uncontested and its financial interest in this matter is significant, the Court finds that the second prong of the relevant portion of the PSLRA is satisfied. *See* 15 U.S.C. § 78u4(a)(3)(B)(iii)(I); *Martingano*, 2006 WL 1912724 at *4 (granting unopposed motion to serve as lead plaintiff in securities class action); *Fitzgerald v. Citigroup Inc.*, No. 03 Civ. 4305, 2004 WL 613107, at *3 (S.D.N.Y. Mar. 26, 2004) (granting unopposed motion to serve as lead plaintiff in securities class action where "[n]o other putative class member or lead plaintiff ha[d] come forward to demonstrate a larger financial stake").

### c. Rule 23 Requirements

Rule 23 sets forth four prerequisites to be considered in evaluating the propriety of class certification -- numerosity, commonality, typicality, and adequacy. *See* Fed. R. Civ. P. 23(a). In selecting a lead plaintiff, courts focus on the typicality and adequacy requirements. *See Baughman*, 250 F.R.D. at 126; *In re Symbol Techs., Inc. Secs. Litig.*, 05 CV 3923, 2006 WL

9

1120619, at *2 (E.D.N.Y. Apr. 26, 2006) ("Only the typicality and adequacy criterions are relevant to the selection of lead plaintiff.") (citations omitted). At this stage of the litigation, the moving party "need only make a preliminary showing that it satisfies the typicality and adequacy requirements of Rule 23." *In re Olsten Corp. Secs. Litig.*, 3 F. Supp. at 296 (citations omitted); *Martingano*, 2006 WL 1912724 at *4 ("wide-ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification") (citations omitted).

Rule 23(a)'s "typicality" requirement is satisfied "where the claims arise from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *In re Symbol Techs., Inc. Secs. Litig.*, 2006 WL 1120619, at *3 (citing *Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147, 155 (2d Cir. 2001)). Pompano meets this requirement because Pompano, like the other purported class members in this action, alleges that it purchased or otherwise acquired Comtech stock during the class period at artificially inflated prices in reliance upon Defendants' misrepresentations in violation of the Exchange Act, and also that it incurred damages as a result. *See* Pompano Compl. ¶¶ 33-35; Lawing Compl., ¶¶ 33-35; Pl.'s Mem. at 8. Moreover, no party has contested Pompano's typicality, nor have Defendants or Lawing opposed this motion. *See Martingano*, 2006 WL 1912724 at *5. Accordingly, based upon the information before it, the Court finds that Pompano alleges claims that are typical of the members of the potential class.

The "adequacy" requirement of Rule 23 is satisfied where "(1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case

to ensure vigorous advocacy." *In re Symbol Techs., Inc. Secs. Litig.*, 2006 WL 1120619, at *3 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005); *In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 121 (S.D.N.Y. 2002)). Pompano's counsel, Robbins Geller, has extensive experience litigating securities class actions and, therefore, has the ability to conduct the litigation effectively. *See* Rosenfeld Decl., Ex. D; *see also Lintz v. Agria Group*, 08 Civ. 3536, 2008 WL 5191087, at *2 (S.D.N.Y. Dec. 3, 2008) (appointing Robbins Geller to serve as lead counsel and noting that plaintiff "has retained competent and experienced counsel"). There is no indication that Pompano has interests that are antagonistic to Lawing or other potential class members. Furthermore, Pompano, an institutional investor, has demonstrated its "willingness to vigorously pursue its claims" by initiating this action, moving to consolidate, and submitting the Certification, discussed above, which was annexed to both the Complaint and the Motion. *See In re Symbol Techs., Inc. Secs. Litig.*, 2006 WL 1120619, at *3. On this basis, the Court concludes that Pompano is the most adequate Lead Plaintiff.

### d. Presumptions Not Rebutted

In light of the fact that Pompano has satisfied the three-prong test of the PSLRA, *i.e.*, Pompano (1) filed a timely motion for appointment as lead plaintiff, (2) has the greatest financial interest in the relief sought by the class know at this time, and (3) and otherwise meets the requirements of Rule 23(a), the Court finds that Pompano is presumptively an adequate lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Since Pompano's motion for appointment as lead plaintiff is unopposed and no member of the purported class has sought to rebut these presumptions, the Court finds that this presumption should stand. *See* 15 U. S .C.

§ 78u-4(a)(3)(B)(iii)(II) ("The presumption . . . may be rebutted only upon proof by a member of the purported plaintiff class. . . ."); *Martingano*, 2006 WL 1912724, at *5 (citations omitted); *In re Symbol Techs., Inc. Secs. Litig.*, 2006 WL 1120619, at *3 (to rebut presumption "another movant must offer proof that [plaintiff] will not fairly and adequately protect the interests of the class; or [are] subject to unique defenses that render [them] incapable of adequately representing the class."). Accordingly, I respectfully recommend to Judge Feuerstein that Pompano be appointed as lead plaintiff.

C. **Selection Of Lead Counsel**

The PSLRA provides that the Lead Plaintiff "shall, subject to approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). Pompano has selected Robbins Geller to serve as lead counsel. In support of this request, David Rosenfeld, a member of the firm, has submitted a Declaration and the firm's 80 page resume, to demonstrate that Robbins Geller has served as lead or co-lead counsel in numerous securities class actions, including *In re Enron Corp. Sec. Litig.*, No. 01-H-3624, 2005 WL 3504860 (S.D. Tex. Dec. 22, 2005), as well as several cases filed in the district courts within the Second Circuit. *See, e.g.*, *Baughman v. Pall Corp.*, 250 F.R.D. 121, 129 (E.D.N.Y. 2008) ("According to its resume, Coughlin Stoia is currently lead counsel in approximately 500 securities class action or large institutional investor cases. . . ."); *Lintz v. Agria Group*, 08 Civ. 3536, 2008 WL 5191087, at *2 (S.D.N.Y. Dec. 3, 2008) ("competent and experienced lead counsel"); *In re Orion Secs. Litig.*, 08 Civ. 1328, 2008 WL 2811358, at *6 (S.D.N.Y. Jul, 8, 2008) (noting "that the firm has been praised for the quality of its representation by several judges in various parts of the country"). Thus, based upon Robbins Geller's extensive experience and proven track record as counsel in

securities class actions, I respectfully recommend to Judge Feuerstein that Robbins Geller be approved as Lead Counsel.

## IV. CONCLUSION

For the forgoing reasons, I respectfully recommend to Judge Feuerstein that Plaintiff's motion for (1) consolidation of the two securities fraud actions, (2) appointment of Pompano as Lead Plaintiff, and (3) approval of Pompano's selection of Robbins Geller as Lead Counsel (the "Motion to Consolidate") be GRANTED in its entirety. I further recommend that the caption of the consolidated action be referred to as "*In re Comtech Securities Litigation*," and that all filings be made under docket number 09 CV 3007 (SJF)(AKT).

Pursuant to the parties' Stipulation of September 2, 2009, which was "so ordered" by Judge Feuerstein on September 10, 2009 [DE 6], following entry of Judge Feuerstein's entry of the Order appointing lead plaintiff, the parties shall proceed according to the following schedule:

- Plaintiff will have 45 days from entry of an Order appoint lead plaintiff to file an amended complaint;

- Defendants shall answer or otherwise move with respect to the amended complaint within (i) 45 days of the filing of the amended complaint, or (ii), if no amended complaint is filed, 45 days from expiration of the deadline for filing the amended complaint;

- Plaintiffs' opposition to a motion to dismiss (if any), to be served 45 days following the filing of any such motion; and

- Defendants' reply brief to be served within 30 days of service of Plaintiff's opposition papers.

*See* DE 6.

****

Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule 72 of the Federal Rules of Civil Procedure, any objections to this Report and Recommendation must be filed within fourteen (14) days of service. Each party has the right to respond to the other's objections within fourteen (14) days after being served with a copy. *See* Fed. R. Civ. P. 6(a),(e), 72. All objections shall be filed with the Clerk of the Court via ECF. A courtesy copy of any objections filed is to be sent to the Chambers of the Honorable Sandra J. Feuerstein. Any request for an extension of time for filing objections must be directed to Judge Feuerstein prior to the expiration of the period for filing objections. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Beverly v. Walker*, 118 F.3d 900, 901 (2d Cir.), *cert. denied*, 522 U.S. 883 (1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

**SO ORDERED.**

Dated: Central Islip, New York
August 17, 2010

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge